# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:20-CV-00085-FDW

| | |
|---|---|
| KELLY ANN DRAKE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>)<br>Defendant. ) | **ORDER** |

    **THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. No. 18) and Defendant's "Motion for Summary Judgment" (Doc. No. 20), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for supplemental security income under 42 U.S.C. § 405(g). For the reasons that follow, the Court finds Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will DENY Plaintiff's Motion for Summary Judgment (Doc. No. 18); GRANT Defendant's Motion for Summary Judgment (Doc. No. 20); and AFFIRM the Commissioner's decision.

## I. BACKGROUND

    Plaintiff filed applications for Title II disability and disability insurance benefits and Title XVI supplemental security income on June 1, 2016. (Tr. 12). In both applications, Plaintiff alleged a disability onset date of April 4, 2016. (Tr. 12). Both claims were denied initially on November 30, 2016, and upon reconsideration on November 20, 2017. (Tr. 12). On March 7, 2017, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"), which was ultimately held on September 27, 2018, in Asheville, North Carolina. (Tr. 12). After the hearing,

the ALJ denied Plaintiff's applications in a written decision dated December 31, 2018. (Tr. 19).

In reaching this decision, the ALJ followed the five-step evaluation process for the evaluation of disability claims under the Social Security Act ("the Act"). (Tr. 13-14); 20 C.F.R. §§ 404.1520(a), 416.920(a). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 4, 2016. (Tr. 14). At the second step, the ALJ determined Plaintiff has several "severe impairments," as defined in 20 C.F.R. § 416.920(c). (Tr. 14); 20 C.F.R. § 416.920(c) ("You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."). Among Plaintiff's impairments, the ALJ found that bipolar disorder, PTSD, ADHD, and borderline personality disorder limited Plaintiff's "ability to perform basic work activities." (Tr. 14). At the third step of the process, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of any listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1 (hereinafter "The Listings"). (Tr. 15).

The ALJ determined Plaintiff, despite her impairments, could perform "simple, routine tasks performed two hours at a time, but no fast-paced production rate work. She can have occasional interaction with the public, coworkers, and supervisors, but perform no tandem tasks." (Tr. 16). In completing her residual functional capacity ("RFC") analysis, the ALJ added that Plaintiff has shown improvement after treatment and many of Plaintiff's treatment failures have coincided with her using substances against medical advice. (Tr. 17). Proceeding to the fourth step, the ALJ ruled Plaintiff was unable to perform any past relevant work. (Tr. 18). At the fifth step, and considering Plaintiff's age, education, work experience, RFC, and the Vocational Expert's ("VE") testimony, the ALJ determined Plaintiff could perform "jobs that exist in significant

numbers in the national economy," including dishwasher, building cleaner, and routing clerk. (Tr. 18). Accordingly, the ALJ decided Plaintiff was not disabled under the Act. (Tr. 18).

After receiving the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on February 5, 2020. (Tr. 1). Upon this denial, the ALJ's decision became the final decision of the Commissioner. Plaintiff brought the suit before the Court to challenge the Commissioner's decision, and this case is now ripe for judicial review under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits: "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. Id.; Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

(alteration and quotations omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

> The Fourth Circuit has held:
>
> If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is "the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work]."

Lewis, 858 F.3d at 861-62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)) (alterations in

4

original).

In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635] (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862.

If the Commissioner meets this burden in step five, the claimant is deemed not disabled,

and the benefits application is denied. Id.

### III. ANALYSIS

In her memorandum supporting her motion for summary judgement, Plaintiff alleges the ALJ failed in two ways. First, she contends the ALJ erred by failing to properly weigh the opinions from Townes-Roland and Dr. Upton. (Doc. No. 19, p. 12). Second, she argues the ALJ failed to provide reasons supported by substantial evidence for rejecting symptom testimony. Id. at 18.

### A. Counselor Townes-Rowland's Opinion

Plaintiff contends the ALJ's assignment of limited weight to the examining opinion of Townes-Rowland constitutes reversible error. (Doc. No 19, p. 12). The Commissioner argues that because Townes-Rowland does not qualify as an accepted medical source under agency regulations and because Townes-Rowlands's opinion was inconsistent with her own treatment notes, the ALJ's weighing of Townes-Rowland's opinion was adequate. (Doc. No. 21, p. 5).

Plaintiff's reading of the ALJ's decision is incorrect. It is well settled in the Fourth Circuit that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 370 F.3d 171, 178 (4th Cir. 2001). Here, the ALJ explained she decided to give Townes-Rowland's opinion only "limited" weight because Townes-Rowland was not an accepted medical source and because her opinion was inconsistent with her own notes from treatment sessions with Plaintiff, which indicated Plaintiff was stable on her medications. (Tr. 17). Additionally, although Townes-Rowland was Plaintiff's counselor and the only examining source in this case, she does not qualify as an acceptable medical source under agency regulations. See 20 C.F.R. § 404.1502(a). The ALJ clearly considered the opinion of Townes-Rowland and

provided a sufficient explanation for why her opinion was afforded limited weight.

In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ considered Townes-Rowland's opinion in light of the rest of the record and decided it warranted limited weight, a decision supported by substantial evidence.

**B. Dr. Upton's Opinion**

Plaintiff contends the ALJ's assigning of significant weight to Dr. Upton's opinion is undermined by the ALJ's purported selective reliance on Dr. Upton's opinion without properly explaining the reasoning. (Doc. No. 19, p. 17). The Commissioner argues the ALJ's decision properly accounts for the limitations identified in Dr. Upton's opinion and the reasoning for the limitations included in the RFC are clear. (Doc. No. 21, p. 7.)

Plaintiff's criticism of the ALJ's reliance on Dr. Upton's opinion is unfounded. Plaintiff claims the ALJ's decision fails to account for limitations stated by Dr. Upton, specifically the limitations that Plaintiff is likely to be sensitive to criticism from her supervisors, suffers from impaired judgement by mood swings and impulsivity, and that anxiety and dysphoria might interfere at times with attention to tasks. (Doc. No. 19, p. 17). However, the RFC clearly states that significant weight was given to Dr. Upton's opinion that Plaintiff should be limited to "simple routine repetitive tasks with limited interpersonal interaction," and this limitation was "generally consistent with the totality of the evidence." (Tr. 17). The Social Security regulations make clear am RFC determination is the responsibility of the ALJ alone, and the determination should be made from the totality of the evidence. 20 C.F.R. § 404.1546(c).

7

As mentioned above, this Court is not at liberty to re-weigh conflicting evidence or make credibility determinations. See Craig, 76 F.3d at 589. Here, the ALJ has supported her decision with substantial evidence—namely, that the limitations listed were consistent with Dr. Upton's opinion as well as a totality of the evidence—to assign the weight she did to Dr. Upton's opinion. As such, this court will not disturb the ALJ's opinion.

## C. Plaintiff's Symptom Testimony

Plaintiff also argues the ALJ failed to provide reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony and instead relied on misleading conclusions. (Doc. No. 19, p. 22). The Commissioner argues the ALJ's reasoning for rejecting some of the Plaintiff's symptom testimony was supported by the record and the ALJ cited valid considerations in the rejection of portions of Plaintiff's testimony. (Doc. No. 21, p. 8).

Plaintiff contends the ALJ failed to properly evaluate her symptoms by using misleading conclusions to discount her continuing panic attacks, crying spells, and anxiety. (Doc. No. 19, p. 22) The Social Security regulations clearly state that "consideration of other factors" will be undertaken when analyzing symptoms and specifically state that "precipitating or aggravating factors" will be a part of the analysis. 20 C.F.R. § 404.1529(c)(3). The ALJ's decision clearly weighed multiple factors in assessing Plaintiff's symptoms, including factors that seemingly exacerbate her symptoms, such as the use of marijuana, alcohol, and cocaine contrary to the advice of medical professionals, and others that the ALJ indicated which seemed to alleviate the symptoms, including a service dog and a new medication, all of which were listed in the RFC. (Tr. 17). These are all valid considerations for the ALJ to make in the formation of her decision. See 20 C.F.R. § 404.1529(c)(3)(iv), (vi).

After careful review of the ALJ's opinion, the Court is satisfied the ALJ met her burden of

creating a narrative discussion and logical bridge from the evidence to the conclusion. In the interest of judicial economy, because the Court extensively reviewed the ALJ's decision and the evidence on which she based it, and for the reasons stated above, the Court finds the ALJ's decision is also supported by substantial evidence.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 18) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Signed: July 1, 2021

Frank D. Whitney
United States District Judge